UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                 )
JEROME SPENCER, et al.,          )
        Plaintiffs,              )
                                 )    Civil Action No.
        v.                       )    11-12338-NMG
                                 )
JANICE LOUX,                     )
        Defendant.               )
                                 )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

For the reasons below, the Court (1) allows the motions to proceed in forma pauperis; (2) denies without prejudice the motion for an answer; (3) directs the plaintiffs to file a second amended complaint; (4) prohibits Jerome Spencer from filing letters with the Court; and (5) orders Spencer to comply with a previously-issued order limiting his communication with the Court's personnel.

I.  **Background**

On December 30, 2011, Jerome Spencer, Shiela Brown, and Karen Brown Holmes filed a self-prepared complaint and motions for leave to proceed in forma pauperis. The sole defendant is Janice Loux, whom the plaintiffs identify as the president of the labor union UNITE HERE Local 26 ("Union"). The complaint contains general and more specific allegations concerning Loux's failure to fairly represent "black native Americans." Although all three plaintiffs signed the complaint, the only specific allegations concerning Loux's failure to pursue a grievance

appear to concern plaintiff Spencer.

On January 13, 2012, Spencer filed a letter (#6) in which he complained that Loux had taken the grievances of other workers to arbitration, but that she failed to take Spencer's case to arbitration. Spencer included newspaper articles and asked the Court to "attach these two instances."

On January 19, 2012, the Court entered an order (#7), allowing Spencer's motion for leave to proceed in forma pauperis and ordering him to communicate with the Court and Court personnel only in writing.

On January 31, 2012, an amended complaint (#8) was filed that appears to be written by Spencer, although it was signed by Spencer, Brown, Holmes, and Cynthia Anderson (who was not a party to the original complaint). The plaintiffs allege that Loux was required by a Union agreement to file grievances on behalf of Union members. The plaintiffs also allege that Loux failed to "file or process or move a grievance on my behalf like they did for other union member of a different race." Amend. Compl. at 2. The plaintiffs complain that the National Labor Relations Board have wrongly concluded that the Union has not engaged in misconduct. Although Loux is the only defendant listed at the beginning of the amended complaint, the plaintiffs state, "I would like to amend this complaint and ask the court for some relief against regional director of the national labor relation

board Rosemary Pye." Id. at 4. The plaintiffs ask that the Union be put into a trusteeship.

Between May 24, 2012 and June 29, 2012, Spencer filed nine letters in which he makes various complaints about the Union, seeks to have Union records subpoenaed, and complains about proceedings in front of the Massachusetts Commission Against Discrimination ("MCAD").[1]

Motions to proceed in forma pauperis filed by Holmes (#3), Brown (#4), and Anderson (#9) are pending. Also pending is a motion (#10) filed by Spencer for an "answer." It is not clear whether he is asking for the Court to adjudicate this case based on the complaint alone or to require the defendant to file an answer.

## II. Discussion

### A. Motions to Proceed In Forma Pauperis

Upon review of motions of to proceed in forma pauperis filed by Holmes, Brown, and Anderson, the Court concludes that the plaintiffs have shown that they are unable to pay the filing fee. The Court therefore allows the motions. However, these three plaintiffs have not provided addresses. They must provide their addresses to the Court to receive notice of docket activity.

---

[1] The Court is without jurisdiction to compel the MCAD to expedite its proceedings.

**B.   Screening of the Amended Complaint**

Because the plaintiffs are proceeding in forma pauperis, the amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2).[2]  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes the amended complaint because the plaintiffs are proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**1.   Notice Pleading and Standing**

Although the plaintiffs have not identified the nature of their claims, the Court assumes that the plaintiffs are attempting to bring claims for breach of the duty of fair representation, see 29 U.S.C. § 159(a); 14 Penn Plaza LLC v. Pyett, 129 S. Ct. 1456, 1473 (2009) (labor union breaches its duty of fair representation "when its conduct toward a member of

---

[2]As an amended complaint completely supercedes the original complaint, see Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 88 n.2 (1st Cir. 2007), the Court will screen the amended complaint without reference to the original complaint. In an earlier-filed action, the Court informed Spencer that an amended complaint supercedes an earlier-filed complaint.  See Spencer v. Ross, C.A. No. 10-10503-DPW (D. Mass.) (docket entries ## 4, 17) (memorandum and orders directing Spencer to file an amended complaint).

4

the bargaining unit is arbitrary, discriminatory, or in bad faith."(quoting Marquez v. Screen Actors, 525 U.S. 33, 44 (1998))); Vaca v. Sipes, 386 U.S. 171 (1967) (describing duty of fair representation as the "statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct"), or for racial discrimination under Title VII, see 42 U.S.C. § 2000e-2(c)(1) (prohibiting discrimination by a labor union on the basis of race, color, religion, sex, or national origin).

Here, the plaintiffs have failed to state a claim for relief because they have not adequately identified misconduct by the defendant or the Union against them personally. To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule

5

8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

In the amended complaint, the plaintiffs have alleged generally that Loux failed to file or pursue grievances on their behalf, and that she did so because of their race. Significantly, however, the amended complaint does not identify the matters the plaintiffs wished to grieve, when and how these matters were conveyed to Loux, and when and how she refused to file the grievances. In the absence of specific allegations concerning Loux's failure to pursue grievances on behalf of each of the plaintiffs, the amended complaint does not provide adequate notice of the plaintiffs' claims.

The pages of exhibits to the amended complaints and letters filed by Spencer about the Union's alleged discriminatory and otherwise wrongful conduct are not a substitute for compliance with Fed. R. Civ. P. 8.[3] Many of these documents do not concern misconduct by the Union or by Loux in regards to the plaintiffs personally. The plaintiffs cannot bring claims based on the misconduct of the defendant towards parties other than the plaintiffs, regardless of how unjustly the defendant may have

---

[3]While a pleading may include exhibits that are relevant to the claims, see Fed. R. Civ. P. 10(c), use of exhibits does not excuse the plaintiffs of their responsibility to clearly set forth in the body of the complaint the relevant allegations.

acted.  See Bingham v. Massachusetts, 616 F.3d 1, 5 (1st Cir. 2010).  The plaintiffs only have standing to bring claims for the injuries that they have suffered.

### 2. Identity of Defendant

The plaintiffs have also failed to state a claim for relief because Loux is not the proper defendant to claims for breach of fair representation and racial discrimination under Title VII.  Individual union officers are not proper defendants to fair representation claims because they are generally immune from personal liability for actions taken within the course of their duties.  See Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-48 (1962); Morris v. Local 819, Int'l Broth. of Teamsters, 169 F.3d 782, 784 (2d Cir. 1999).  Similarly, there is no individual liability under Title VII.  See Fantini v. Salem State College, 557 F.3d 22, 30 (1st Cir. 2009).  The Union is a proper defendant to claims for the breach of the duty of fair representation and claims under Title VII.

### 3. Exhaustion of Administrative Remedies

Further, it appears that the plaintiffs have not exhausted their administrative remedies in regards to any claim under Title VII.  Under the administrative scheme created by Title VII, a party must file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing a lawsuit in court.  See 42 U.S.C. § 2000e-5(e); Frederique-

7

Alexandre v. Dep't of Natural & Envtl. Res. Puerto Rico, 478 F.3d 433, 440 (1st Cir. 2007). A litigant exhausts his administrative remedies with respect to charges of discrimination filed with the EEOC under Title VII when he receives a "right to sue" letter from the agency, after which he has 90 days to file a lawsuit in court. See 42 U.S.C. § 2000e-5(f)(1); Noviello v. City of Boston, 398 F.3d 76, 85 (1st Cir. 2005). Although the amended complaint is silent concerning the exhaustion of administrative remedies, Spencer did represent in some of his subsequently-filed letters that he is unhappy at the speed at which his complaints filed with the Massachusetts Commission Against Discrimination are proceeding. See docket entries ## 17-19.[4] The Court therefore cannot reasonably infer that he has received a right-to-sue letter from the EEOC.

C. **Filing of a Second Amended Complaint**

If the plaintiffs wish to pursue this action, they must file a second amended complaint that comports with Fed. R. Civ. P. 8(a). The second amended complaint must set forth in a clear manner the factual allegations on which the plaintiffs rely. The plaintiffs must also identify their legal claims; in other words,

---

[4]Because Massachusetts has a "work-sharing" agreement with the EEOC, charges of discrimination filed with the MCAD or the EEOC are effectively filed with both agencies. See 29 C.F.R. § 1601.13(a), (b); Davis v. Lucent Techs., Inc., 251 F.3d 227, 231 n. 1 (1st Cir. 2001); Seery v. Biogen, Inc., 203 F. Supp. 2d 35, 43 (D. Mass. 2002).

they must state whether they are seeking to hold a defendant liable for a breach of the duty of fair representation, a violation of Title VII, or the breach of some other duty or law.

The second amended complaint must clearly identify, in the case caption and body of the complaint, the identity of the defendant(s). See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). The body of the amended complaint must also be in numbered paragraphs, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). It is often appropriate for a single paragraph to be limited to a few sentences, or even one sentence.

The plaintiffs should not include allegations of general wrongdoing by Loux or the Union. The second amended complaint should only include allegations concerning the defendant's alleged misconduct insofar as the misconduct relates to the plaintiffs' own injuries. All of the plaintiffs must sign the second amended complaint if they wish to remain parties to this action.

If the plaintiffs file a second amended complaint, the Court will review the second amended complaint (without reference to any allegations in letters or in previously-filed complaints) and determine whether the plaintiffs set forth a claim upon which relief may be granted. Summons will not issue until this review

9

is complete.

### D. <u>Filing of Numerous Letters by Spencer</u>

Spencer has sent the Court many letters. A letter to the Court does not constitute a complaint nor does it serve to amend or supplement a previously-filed complaint. The undersigned does not allow parties to file letters to the Court. Communications with the Court must be in the form of a motion, and, where the defendant has entered an appearance, with service on the opposing party.

Further, Spencer's attempts to introduce new "evidence" and substantive issues in these letters have only slowed down, rather than speeded up, the Court's review of the amended complaint. In these letters Spencer has also asked the Court to perform functions that are outside of the scope of its jurisdiction.[5]

These letters also show that perhaps Spencer misunderstands the litigation process. No matter how many news articles and documents from the internet that Spencer files, even if they are persuasive, the Court will not simply decide the case in his favor at this juncture. By law, that is not the role the Court plays when a complaint is filed.

Litigation requires time and significant effort by the litigants. If the plaintiffs file a second amended complaint

---

[5]The Court is without jurisdiction over the MCAD to compel the agency to expedite its proceedings.

that states a claim for relief, the plaintiffs will then be responsible for serving a summons and a copy of the second amended complaint upon the defendant.  The defendant will respond to the second amended complaint by filing a motion to dismiss or an answer.  If the defendant files a motion to dismiss, the plaintiffs will have an opportunity to respond to the motion.

If the second amended complaint survives a motion to dismiss, the action will progress to the discovery phase, during which the parties will exchange information with each other.  At that point, the plaintiffs-not the Court-may subpoena relevant documents.  Discovery may also include depositions, requests for production of documents, interrogatories, and requests for admissions.  Although the Court may resolve any disputes the parties may have concerning discovery, the plaintiffs will be responsible for responding to any recovery requests by the defendants and for obtaining admissible evidence of the defendant's alleged misconduct.  Once discovery is complete, the case may be decided by the Court on a motion for summary judgment or decided by a finder of fact at trial.

As the case continues, the relevant question will always be how the plaintiffs were <u>personally</u> wronged by the defendant. Regardless of how unjust a defendant's conduct may have been to other persons, relief is not available for injuries that were not sustained by the plaintiffs.

It is clear from Spencer's letters that he feels strongly that he, the other plaintiffs, and other members of his race have been mistreated by Loux and the Union. However, filing letters containing allegations of misconduct does not help the plaintiffs prosecute their claims. Instead, the plaintiffs must include relevant allegations of misconduct in a second amended complaint.

### E.  Contact with Court Personnel

Spencer has been calling Court personnel, in violation of the Court's order of January 19, 2012 order. While the Court understands Spencer's desire to know the status of this action, the order is still in effect and the Court is troubled by Spencer's violation of the order. Spencer may be found in contempt of court or otherwise sanctioned should he continue to violate this order.

### ORDER

In accordance with the foregoing:

(1)  The motions of Holmes (#3), Brown (#4), and Anderson (#9) for leave to proceed in forma pauperis are **ALLOWED**.

(2)  Holmes, Brown, and Anderson shall, within twenty-one (21) days of the date of this order, provide the Clerk with their addresses to which the Clerk may mail notice of docket activity.

(3)  The motion for an answer (#10) is **DENIED WITHOUT PREJUDICE.**

(4)  If the plaintiffs wish to pursue this action, they

must, within forty-two (42) days of the date of this Memorandum and Order, file a second amended complaint that comports with the above-discussed requirements. Failure to comply with this order will result in dismissal without prejudice of this case.

(5) The Court shall no longer accept letters from Spencer.[6] If Spencer seeks relief from the Court, he must file an appropriate motion. If summons are issued and the defendant is served with summons and a complaint, any motion must also be served on the defendant. Failure to comply with this order may result in sanctions, including dismissal of the case.

(6) The Court orders Spencer to comply with the January 19, 2012 order (#7) in which the Court ordered that Spencer, during the pendency of this action, (1) cease and desist from making telephone calls to all Court staff members; (2) communicate with this Court and Court personnel only in writing; and (3) not enter the Moakley Courthouse without a security escort. **Spencer may be found in contempt of court or otherwise sanctioned should he continue to violate this order.**

**So ordered.**

---

[6]Appropriate communications with the Clerk (such as a request for a copy of the docket sheet) may be in the form of a letter.

```
                                     /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge
Dated: 7/27/12
```