```
                    United States District Court
                      District of Massachusetts
_____
                              )
JEROME SPENCER,               )
SHEILA BROWN and              )
CYNTHIA ANDERSON,             )
          Plaintiffs,         )   Civil Action No.
                              )   11-12338-NMG
          v.                  )
                              )
LOCAL 26,                     )
          Defendant.          )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiffs, proceeding pro se, complain that defendant, their union, failed to represent them when they were terminated. Defendant moves for summary judgment on the grounds that plaintiffs' complaint is time-barred. For the reasons that follow, defendant's motion will be allowed and the plaintiffs' case will be dismissed.

## I. Factual Background

Defendant Unite Here! Local 26 ("Local 26" or "the Union") represents a bargaining unit of employees working at Levy Foodservice, LP ("Levy"). Levy has contracted with the Massachusetts Convention Center Authority to operate food services at both the Boston Convention and Exhibition Center ("the BCEC") and the John B. Hynes Veterans Memorial Convention Center ("Hynes"). Levy succeeded Aramark Food services, Inc.

-1-

("Aramark") as the counter-party to a collective bargaining agreement ("the CBA") between defendant Local 26 and Aramark. The CBA guaranteed that Aramark/Levy would not terminate employees without just cause.

All three plaintiffs were employed as servers by either Levy or Aramark and were eventually terminated.  Plaintiff Jerome Spencer ("Spencer") was suspended on July 19, 2010 for allegedly violating Levy's sexual harassment policy and threatening a member of the management team.  The Union filed a grievance on his behalf on the same day.  After 1) holding a grievance meeting with Levy on September 22, 2010, and 2) receiving the denial of Spencer's grievance the following day, the Union decided not to pursue his claim any further.  Spencer then filed with the NLRB an unfair labor practice charge against the Union on September 29, 2010, alleging that the Union breached its duty of fair representation by failing to process Spencer's grievance all the way to arbitration.  The NLRB dismissed Spencer's complaint in December, 2010.

Plaintiff Sheila Brown ("Brown") was terminated on January 24, 2011 for attempting to access the BCEC without proper identification.  As with Spencer, the Union filed a grievance on her behalf but, after holding a grievance meeting on February 25, 2011, and receiving a denial of her grievance shortly thereafter, decided not to proceed any further.  Brown subsequently sought

assistance from Greater Boston Legal Services on May 6, 2011 in order to maintain her unemployment benefits. The record of that meeting notes that Brown was fired in January, 2011, and tried to get her job back "through [the] help of [her] union."

Plaintiff Cynthia Anderson ("Anderson") was terminated by Aramark on May 4, 2006 for engaging in "a verbal altercation with 3 public safety officers." As with Spencer and Brown, the Union initially filed a grievance on her behalf that was denied by her employer (Aramark). The Union notified Anderson in August, 2006, of its intention not to pursue her grievance further. Anderson then complained that the Union had not pursued a grievance concerning her discharge in an unfair labor practice charge filed with the NLRB in October, 2006.

## II.  **Procedural History**

Plaintiffs Spencer and Brown filed their original complaint on December 30, 2011, and named Janice Loux, alleged to be the president of the Union, as a defendant. At that time, Karen Brown Holmes was also named as a plaintiff. Plaintiff Anderson was joined by an amended complaint filed in January, 2012.

The amended complaint was referred for initial screening pursuant to 28 U.S.C. § 1915(e)(2), which authorizes federal courts to review and dismiss actions brought in forma pauperis. Plaintiffs appeared to allege that the Union systematically failed to represent African Americans as opposed to workers of

other ethnic backgrounds.  On July 27, 2012 this Court found that plaintiffs' amended complaint failed the notice pleading standard, construed it as alleging a breach of the Union's duty of fair representation and ordered plaintiffs to file a second amended complaint alleging how defendant's conduct, directed at each plaintiff individually, had caused her or him harm.  Three plaintiffs timely filed responses and on October 30, 2012 the Court construed them as the operative complaint.  It also dismissed the claim of plaintiff Brown Holmes for her failure to replead,  dismissed the claims against defendants Loux and Brian Lang but  issued summons to defendant Local 26.

Defendant Local 26 answered in November, 2012, and, in the following month, moved for summary judgment.  The Court held a hearing on that motion in January, 2013, at which it afforded plaintiffs additional time to seek legal counsel and to respond to defendant's motion for summary judgment.

III. **Legal Analysis**

Defendant argues that it is entitled to summary judgment because the undisputed facts, primarily plaintiffs' own pleadings, demonstrate that plaintiffs' claims are time-barred.

**A.   Statute of Limitations Applicable to Duty of Fair Representation Claims**

The National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et. seq., as construed by the courts, imposes a duty of fair representation on labor unions "which a union breaches when its

conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 271 (2009) (internal citation and quotation omitted). Such claims are frequently brought by union members simultaneous with allegations that the employer breached the collective bargaining agreement (in a so-called "hybrid" claim). Such hybrid claims are subject to the six-month statute of limitations governing the filing of unfair labor practices before the NLRB, under § 10(b) of the NLRA, 29 U.S.C. § 160(b) (hereinafter "§ 10(b)"). Arriaga-Zayas v. Int'l Ladies' Garment Workers' Union-Puerto Rico Council, 835 F.2d 11, 13 (1st Cir. 1987) (citing DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 169-72 (1983).

The First Circuit Court of Appeals has not decided whether a claimed breach of the duty of fair representation, standing alone, is also subject to the six-month statute of limitations. A majority of circuit courts, examining DelCostello, have concluded that the § 10(b) six-month statute of limitations applies where the claimed breach of the duty of fair representation concerns allegedly wrongful conduct by employer. E.g. Witt v. Roadway Exp., 136 F.3d 1424, 1431 (10th Cir. 1998); George v. Local Union No. 639, Int'l Bhd. of Teamsters, 100 F.3d 1008, 1014 (D.C. Cir. 1996).

This Court concludes that the 6-month statute of limitations

should be applicable here. First, unlike in hybrid claims, there is no obviously analogous state law statute of limitations (such as for breach of contract) from which federal courts could borrow in lieu of the six-month limitations period announced in § 10(b). See Witt, 136 F.3d at 1431. Second, the key considerations which compelled the DelCostello decision are fully applicable in these cases. Namely, duty of fair representation claims bear a "family resemblance" to unfair labor practice claims which also allege arbitrary, unfair and discriminatory treatment, and they implicate a national interest in the collective-bargaining system because they determine a union's obligations vis-a-vis its employees and the employer. See George, 100 F.3d at 1014. The Court will therefore apply the six-month statute of limitations provided by § 10(b). Accord Socha v. Nat'l Ass'n of Letter Carriers Branch No. 57 (Merged), 883 F. Supp. 790, 800-01 (D.R.I. 1995) (applying six-month statute to duty of fair representation claim where union member alleged union had breached CBA).

An aggrieved union member's cause of action arises when the plaintiff "knows, or reasonably should know, of the acts constituting the union's alleged wrongdoing." Graham v. Bay State Gas Co., 779 F.2d 93, 94 (1st Cir. 1985). Filing a related charge with the NLRB can be probative of the time at which plaintiff's cause of action accrued. Cf. Arriaga-Zayas, 835 F.2d at 13 (noting garment-workers' NLRB filings placed them "snugly

within the tightest of corsets" because they plainly knew of the union's wrongdoing by that time). Importantly, the First Circuit has explicitly held that filing an unfair labor charge with the NLRB does not toll the statute of limitations on a claimed breach of the duty of fair representation claim arising out of the same transaction. Arriaga-Zayas, 835 F.2d at 14.

### B. Application

Because plaintiffs' filed their original complaint on December 30, 2011, to avoid the running of the statute of limitations, plaintiffs must allege that they did not know or could not have reasonably known that Local 26 had declined to pursue their grievances until after June 30, 2011. Based upon the undisputed facts, each plaintiff became aware of the gravamen of his or her allegations prior to that date.

Defendant Local 26 declined to pursue plaintiff Spencer's grievance related to his termination in August, 2010. That action formed the basis of Spencer's claim in the case at bar. Spencer plainly knew that the Union would not pursue his grievance by September 29, 2010, when he filed an unfair labor practice charge against his Union with the NLRB.

Defendant Local 26 declined to pursue plaintiff Anderson's claim in August, 2006. According to Anderson's own amended complaint, she filed a charge with the NLRB in October 19, 2006 in which she complained of the Union's failure to grieve fully

her termination. Anderson therefore knew in 2006 that the Union would not pursue her grievance.

Plaintiff Brown's case presents the closest call but she, too, knew of the basis for her claim prior to June 30, 2011. Brown disputes defendant's claim that it told her it would not represent her in early March, 2011. Still, she must have known that the Union would not represent her in her grievance against her employer by May 6, 2011 because, on that date, she sought assistance from Greater Boston Legal Services to help retain her unemployment benefits which had been challenged by her former employer. When reporting the nature of her claim, she stated that she tried to get her job back "through the help of my union [but] I was denied."

Because each plaintiff knew or reasonably should have known that defendant had declined to represent them in their respective grievances prior to June 30, 2011, their claims are time-barred. The law in this area is clear: plaintiffs had six months from the time they learned the Union would not pursue their respective grievances to bring their claims against the Union before the NLRB or a federal court. The law does not toll the time for plaintiffs while they pursue a claim in one forum so they can renew the same claim in another forum. Defendant's motion for summary judgment on the grounds that the statute of limitations has run on all three claims will therefore be allowed.

**ORDER**

In accordance with the foregoing, defendant's motion for summary judgment (Docket No. 46) is **ALLOWED** and plaintiffs' claims are **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated April 4, 2013